FILED
United States Court of Appeals
Tenth Circuit

December 15, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY VAUGHN PINSON,

Defendant - Appellant.

Nos. 14-6149 & 14-6150
(D.C. Nos. 5:07-CR-00023-R-1 &
5:06-CR-00114-R-1)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of these

consolidated appeals.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The appeals are

therefore ordered submitted without oral argument.

Appellant Jeremy Pinson is currently serving a federal term of imprisonment

imposed by the U.S. District Court for the Western District of Oklahoma following his

convictions in two criminal cases.  In these consolidated appeals, Appellant challenges

the district court's dismissal of the separate, identical "motion to order hospitalization" he

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed in each of his Oklahoma criminal cases.

As we explained in our opinion affirming the convictions and sentences entered in the underlying criminal cases, Appellant is a mentally ill individual who was sentenced to the statutory maximum for each of his counts of conviction based mainly on the district court's concern about the danger Appellant poses to the public. *See United States v. Pinson*, 542 F.3d 822 (10th Cir. 2008). Following his convictions in these Oklahoma cases, Appellant pled guilty in the Southern District of Texas to one count of unlawfully making a threat against a federal law enforcement officer, for which he was sentenced to a consecutive term of twenty-four months' imprisonment.

In the identical motions for hospitalization which he filed in each of his Oklahoma cases, Appellant "s[ought] an Order directing the Bureau of Prisons to hospitalize Pinson who is seriously mentally ill and being housed in solitary confinement at the ADX supermax." (R. at 12.) "Alternatively," he sought "a sentence reduction on the basis of substantial assistance to the [government]." (R. at 12.) Appellant also asserted the Oklahoma sentencing court received extensive evidence of Appellant's mental health needs and intended to recommend incarceration in FMC Butner—the federal medical center located in Butner, North Carolina—so Appellant could receive the psychiatric treatment he needed. However, while the sentencing transcript allegedly reflects this intended recommendation,[1] "the written judgment sent to BOP mistakenly wrote 'FCI

---

[1] The record on appeal in this case does not contain a copy of the sentencing transcript, nor is a copy available electronically on the district court's docket.

Butner,'" thus referring to the federal correctional institute rather than the federal medical center in Butner, which "caus[ed] BOP to not involve psychiatric staff in its designation." (R. at 13.) Appellant alleged that this clerical error has resulted in his incarceration in a facility where his psychiatric needs have not been met. Appellant concluded his motions for hospitalization with a request for the court to appoint counsel, order a mental status evaluation, schedule an evidentiary hearing, and grant him hospitalization and a sentence reduction.

The district court concluded it lacked authority to grant Appellant's requests for hospitalization or a sentence reduction. Sentencing courts may recommend placement in a particular facility or program, but the BOP has plenary control, subject to statutory constraints, over the place of imprisonment and the treatment programs in which a prisoner may participate. *See Tapia v. United States*, 131 S. Ct. 2382, 2390-91 (2011). Thus, the court concluded it lacked authority to order the BOP to transfer Appellant to a hospital or other treatment center. Similarly, the court concluded it lacked authority to grant Appellant's request for a reduction of his sentence, since Rule 35(b) of the Federal Rules of Criminal Procedure only permits such a reduction upon a motion by the government.

On appeal, Appellant recharacterizes his request for a sentence reduction as a claim that the government breached a plea agreement and cooperation agreement entered in his criminal case in the Southern District of Texas. He argues this breach entitles him to a sentence reduction in accordance with the terms of those agreements. As for his

hospitalization request, Appellant contends the district court erred in concluding it lacked the authority to grant this request. Finally, he argues the district court should have corrected the clerical error on the written judgment in order to put the BOP on notice that the court had recommended mental health care treatment during Appellant's incarceration.

Although we construe Appellant's pro se pleadings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we conclude that his first argument was not raised in the district court proceedings and is therefore forfeited on appeal. Moreover, even if we were to consider the merits of this argument, we are not persuaded Appellant can demonstrate breach of the Texas plea and cooperation agreements, since these agreements gave the government "the sole and unappealable judgment and discretion" to determine whether a motion for a sentence reduction should be filed. (Second Supplement to R. on Appeal at 2 (filed under seal).) We are also unpersuaded by Appellant's argument that the district court had the authority to order the BOP to transfer him to a hospital for mental health treatment. The cases Appellant cites for support are all distinguishable and do not suggest the court was authorized to provide the requested relief in this case.

On the other hand, Appellant's argument that the district court should have corrected the alleged clerical error in the written sentencing judgment presents a closer question. The government argues we should not consider this argument because Appellant did not request this specific relief from the district court. However, while Appellant's motions did not specifically request correction of the written judgment, one

of the three pages in each short motion was devoted to the alleged clerical error and the harms arising therefrom. Construing Appellant's pro se pleadings liberally, as we must, we conclude that Appellant raised this argument sufficiently to warrant consideration. The government also suggests this argument need not be considered because the requested relief would have no effect on Appellant's situation. However, while the BOP has discretion in determining where a prisoner should be placed, the BOP is instructed to consider, among other things, "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). Accordingly, when a clerical error results in a written judgment that "fails to accurately reflect the unequivocal intent of the judge" in a judicial recommendation to the BOP, it is appropriate for the court to correct the written judgment to reflect the intended recommendation. *United States v. Guerrette*, 2005 WL 3448005, at *2 (D. Me. Dec. 15, 2005). In this case, as we noted in the prior appeal, the sentencing court heard extensive evidence of Appellant's mental health problems and treatment needs. *See Pinson*, 542 F.3d at 828-29. If, as Appellant alleges, the sentencing transcript indicates the court's intent to recommend incarceration in a medical center where Appellant's serious psychiatric needs could be met, then the written judgment should be corrected to reflect the court's intent and provide the BOP with the benefit of the court's reasoned judgment on this question. We accordingly remand for the district court to determine whether the written judgment contains a clerical error that should be corrected by the court.

For the foregoing reasons, we **REMAND** the case for further consideration of Appellant's request for correction of the written judgment. The district court's judgment is otherwise **AFFIRMED**. We **GRANT** the government's motions to supplement the record, and we further **GRANT** the government's motion for the second supplement to the record to remain under seal. Appellant's motion to proceed *in forma pauperis* on appeal is also **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge